# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# NORTHERN DIVISION

KATHLEEN A. LORENTZEN,

     Plaintiff,

                                  Case No. 18-cv-11507

v.                                 Hon.  THOMAS L. LUDINGTON

HEALTHSOURCE SAGINAW, INC.,
MARK E. KRAYNAK, and MARK
PUCKETT,

     Defendants.

---

| | |
|---|---|
| Richard Thompson (P21410) | Thomas P. Vincent (P32794) |
| B. Tyler Brooks (P82567) | Courtney L. Nichols (P75160) |
| Attorneys for Plaintiff | Attorneys for Defendants |
| THOMAS MORE LAW CENTER | HealthSource Saginaw, Inc. and Mark |
| 24 Frank Lloyd Wright Drive | E. Kraynak |
| Suite J 3200 (P.O. Box 393) | PLUNKETT COONEY |
| Ann Arbor, MI 48106 | 38505 Woodward Ave., Ste. 100 |
| (734) 827-2001 | Bloomfield Hills, MI  48304 |
| rthompson@thomasmore.org | Phone: (248) 901-4000 |
| tbrooks@thomasmore.org | tvincent@plunkettcooney.com |
| | cnichols@plunkettcooney.com |
| David J. Yates (P49405) | |
| Eric P. Conn (P64500) | |
| Michael P. Wisniewski (P77343) | |
| SEGAL McCAMBRIDGE SINGER & | |
| MAHONEY | |
| Attorneys for Defendant Mark Puckett | |
| 29100 Northwestern Hwy., Ste. 240 | |
| Southfield, MI 48034 | |
| (248) 994-0060 | |
| dyates@smsm.com | |
| econn@smsm.com | |
| mwisniewski@smsm.com | |

---

## ANSWER TO AMENDED COMPLAINT, AFFIRMATIVE DEFENSES AND RELIANCE UPON JURY DEMAND

NOW COME Defendants HealthSource Saginaw, Inc. and Mark E. Kraynak (hereinafter referred to as "Defendants"), by and through their attorneys, Plunkett Cooney, Thomas P. Vincent and Courtney L. Nichols, and for their Answer to Plaintiff's Amended Complaint, state as follows:

### INTRODUCTION

1.      In answer to paragraph 1 of Plaintiff's Complaint, Defendants admit that an employee does not forfeit her right to practice her religion when she enters the workplace but denies that an employee has an absolute right to engage in any conduct that is arguably in abidance with his or her faith in the workplace.

2.      In answer to paragraph 2 of Plaintiff's Complaint, Defendants admit that there are applicable federal and state laws that generally prohibit discrimination in employment on the basis of religion.

3.      In answer to paragraph 3 of Plaintiff's Complaint, Defendants deny the allegations contained therein for the reason that same are untrue.

### THE PARTIES

4.      In answer to paragraph 4 of Plaintiff's Complaint, Defendants neither admit nor deny the allegations contained therein regarding Plaintiff's clinical

license and experience and residence.  To the extent the second sentence of Paragraph 4 infers that Plaintiff was an employee of Defendant HealthSource Saginaw, Inc., Defendants deny that allegation.

5.      In answer to paragraph 5 of Plaintiff's Complaint, Defendants admit the allegations contained therein.

6.      In answer to paragraph 6 of Plaintiff's Complaint, Defendants admit that HealthSource Saginaw is subject to the requirements of Title VII of the Civil Rights Act of 1964, but denies that it employs in excess of 500 employees.

7.      In answer to paragraph 7 of Plaintiff's Complaint, Defendants admit the allegations contained therein.

8.      In answer to paragraph 8 of Plaintiff's Complaint, Defendants admit the allegation contained therein.

9.      In answer to paragraph 9 of Plaintiff's Complaint, Defendants deny the allegation contained therein for the reason the same are untrue.

## JURISDICTION AND VENUE

10.      In answer to paragraph 10 of Plaintiff's Complaint, Defendants admit the allegations contained therein.

11.      In answer to paragraph 11 of Plaintiff's Complaint, Defendants neither admit nor deny the allegations contained therein, for lack of sufficient knowledge or information, and leave Plaintiff to her strict proofs.

12.     In answer to paragraph 12 of Plaintiff's Complaint, Defendants admit the allegations contained therein.

13.     In answer to paragraph 13 of Plaintiff's Complaint, Defendants admit that a right to sue letter was issued but cannot admit or deny the date that letter was received by Mrs. Lorentzen for lack of information.

14.     In answer to paragraph 14 of Plaintiff's Complaint, Defendants admit the allegations contained therein.

15.     In answer to paragraph 15 of Plaintiff's Complaint, Defendants neither admit nor deny the allegation contained therein for lack of information and leave Plaintiff to her strict proofs.

16.     In answer to paragraph 16 of Plaintiff's Complaint, Defendants neither admit nor deny the allegation contained therein for lack of information and leave Plaintiff to her strict proofs.

17.     In answer to paragraph 17 of Plaintiff's Complaint, Defendants neither admit nor deny the allegations contained therein for lack of information and leave Plaintiff to her strict proofs.

18.     In answer to paragraph 18 of Plaintiff's Complaint, Defendants admit the allegations contained therein.

## **ALLEGED FACTS**

19.    In answer to paragraph 19 of Plaintiff's Complaint, Defendants neither admit nor deny the allegations contained therein for lack of information and leave Plaintiff to her strict proofs.

20.    In answer to paragraph 20 of Plaintiff's Complaint, Defendants neither admit nor deny the allegations contained therein for lack of information and leave Plaintiff to her strict proofs.

21.    In answer to paragraph 21 of Plaintiff's Complaint, Defendants deny that Plaintiff "worked for defendant HealthSource" insofar as that statement infers that she was an employee.  Defendants admit that from 2011 to 2017 Plaintiff had an Independent Contractor Agreement with HealthSource Saginaw pursuant to which she performed services as an Outpatient Behavioral Therapist. Defendants deny that HealthSource Saginaw incorrectly classified Plaintiff as an independent contractor.  Defendants assert that while Plaintiff used HealthSource Saginaw office space, HealthSource Saginaw did not exercise control over her work, did not schedule and/or assign patients to Plaintiff as an employee, and HealthSource Saginaw did not provide Plaintiff an assistant.   HealthSource Saginaw denies, as alleged, that "other factors to be established by the evidence produced in discovery and at trial" will establish that Plaintiff was an employee.

5

22.     In answer to paragraph 22 of Plaintiff's Complaint, Defendants neither admit nor deny the allegations contained therein for lack of information and leave Plaintiff to her strict proofs.

23.     In answer to paragraph 23 of Plaintiff's Complaint, Defendants neither admit nor deny the allegations contained therein for lack of information and leave Plaintiff to her strict proofs.

24.     In answer to paragraph 24 of Plaintiff's Complaint, Defendants admit the allegations contained therein.

25.     In answer to paragraph 25 of Plaintiff's Complaint, Defendants admit that Plaintiff was never disciplined or reprimanded as an employee as she only had a contractual relationship with Defendant HealthSource Saginaw. Defendants deny that Plaintiff never had any performance issues.

26.     In answer to paragraph 26 of Plaintiff's Complaint, Defendants deny that Plaintiff was "terminated" and deny that had a "very active caseload."

27.     In answer to paragraph 27 of Plaintiff's Complaint, Defendants neither admit nor deny the allegations contained therein for lack of information and leave Plaintiff to her strict proofs.

28.     In answer to paragraph 28 of Plaintiff's Complaint, Defendants neither admit nor deny the allegations contained therein for lack of information and leave Plaintiff to her strict proofs.

29.     In answer to paragraph 29 of Plaintiff's Complaint, Defendants neither admit nor deny the allegations contained therein for lack of information and leave Plaintiff to her strict proofs.

30.     In answer to paragraph 30 of Plaintiff's Complaint, Defendants deny that Defendant Mark E. Kraynak was Plaintiff's "supervisor" in the manner and form alleged.   Defendant admits that Mr. Kraynak monitored Plaintiff's performance to ensure quality and adherence to applicable standards. Defendants admit that Mr. Kraynak communicated with Plaintiff on or around August 23, 2017.

31.     In answer to paragraph 31 of Plaintiff's Complaint, Defendants deny the allegations contained therein for the reason that same are untrue.

32.     In answer to paragraph 32 of Plaintiff's Complaint, Defendants deny the allegations contained therein for the reason that same are untrue.

33.     In answer to paragraph 33 of Plaintiff's Complaint, Defendants deny the allegations contained therein for the reason that same are untrue.

34.     In answer to paragraph 34 of Plaintiff's Complaint, Defendants deny the allegations contained therein for the reason that same are untrue.

35.     In answer to paragraph 35 of Plaintiff's Complaint, Defendants deny the allegations contained therein for the reason that same are untrue.

36.    In answer to paragraph 36 of Plaintiff's Complaint, Defendants deny the allegations contained therein for the reason that same are untrue.

37.    In answer to paragraph 37 of Plaintiff's Complaint, Defendants deny the allegations in the manner in which they are alleged but admit that Plaintiff participated in a meeting with Mr. Kraynak and Colton Reed on or around August 29, 2017.

38.    In answer to paragraph 38 of Plaintiff's Complaint, Defendants deny the allegations contained therein for the reason that same are untrue.

39.    In answer to paragraph 39 of Plaintiff's Complaint, Defendants deny the allegations contained therein for the reason that same are untrue.

40.    In answer to paragraph 40 of Plaintiff's Complaint, Defendants deny the allegations contained therein for the reason that same are untrue.

41.    In answer to paragraph 41 of Plaintiff's Complaint, Defendants deny the allegations contained therein for the reason that same are untrue.

42.    In answer to paragraph 42 of Plaintiff's Complaint, Defendants deny the allegations contained therein for the reason that same are untrue.

43.    In answer to paragraph 43 of Plaintiff's Complaint, Defendants deny the allegations contained therein for the reason that same are untrue.

44.    In answer to paragraph 44 of Plaintiff's Complaint, Defendants admit that on September 6, 2017 Mr. Puckett provided Plaintiff with 30 days' notice of

8

the cancellation of the contract between HealthSource Saginaw, Inc. and Plaintiff. Defendants deny that Plaintiff, personally, was being "terminated", as alleged.

45.     In answer to paragraph 45 of Plaintiff's Complaint, Defendants deny the allegations contained therein for the same are untrue.

46.     In answer to paragraph 46 of Plaintiff's Complaint, including subparagraphs (a) – (f), Defendants deny the allegations contained therein for the reason that same are untrue.

45. (sic)   In answer to paragraph 45 of Plaintiff's Complaint, Defendants deny the allegations contained therein for the reason that same are untrue.

46. (sic)  In answer to paragraph 46 of Plaintiff's Complaint, Defendants deny the allegations contained therein for the reason that same are untrue.

47. (sic)   In answer to paragraph 47 of Plaintiff's Complaint, Defendants deny the allegations contained therein for the reason that same are untrue.

48. (sic)   In answer to paragraph 48 of Plaintiff's Complaint, Defendants neither admit nor deny the allegations contained therein for lack of information and leave Plaintiff to her strict proofs.

49. (sic)   In answer to paragraph 49 of Plaintiff's Complaint, Defendants neither admit nor deny the allegations contained therein for lack of information and leave Plaintiff to her strict proofs.

50. (sic)  In answer to paragraph 50 of Plaintiff's Complaint, Defendants deny the allegations contained therein for the reason that same are untrue.

51. (sic)  In answer to paragraph 51 of Plaintiff's Complaint, Defendants deny that Messrs. Kraynak, Reed and Puckett engaged in the actions in the manner and form alleged in this Complaint but admit that during the relevant time period they were employed by HealthSource Saginaw.

52. (sic)   In answer to paragraph 52 of Plaintiff's Complaint, Defendants deny that Messrs. Kraynak, Reed and Puckett engaged in the acts and omissions alleged in Plaintiff's Complaint and therefore deny that any such acts or omissions are imputable to Defendant HealthSource Saginaw.

53. (sic)  In answer to paragraph 53 of Plaintiff's Complaint, Defendants deny the allegations contained therein for the reason that same are untrue.

54. (sic)  In answer to paragraph 54 of Plaintiff's Complaint, Defendants deny the allegations contained therein for the reason that same are untrue.

**COUNT I:**
**Alleged Religious Discrimination in Violation**
**of Title VII – Disparate Treatment**
**(Against Defendant HealthSource)**

55. (sic)  In answer to paragraph 55 of Plaintiff's Complaint, Defendants incorporate by reference their answers to above paragraphs as though more fully set forth herein.

56. (sic)  In answer to paragraph 56 of Plaintiff's Complaint, Defendants admit the allegation contained therein.

57. (sic)  In answer to paragraph 57 of Plaintiff's Complaint, Defendants deny that Plaintiff was an employee of HealthSource Saginaw and therefore deny the allegations pertaining to her "supervisors", in the form and manner alleged. Defendants further deny that the alleged "supervisors" did not hold Plaintiff's same religious beliefs for the reason that allegation is untrue.

58. (sic)  In answer to paragraph 58 of Plaintiff's Complaint, Defendants deny the allegations contained therein for the reason that same are untrue.

59. (sic)   In answer to paragraph 59 of Plaintiff's Complaint, Defendants deny the allegations contained therein for the reason that same are untrue.

60. (sic)  In answer to paragraph 60 of Plaintiff's Complaint, Defendants deny the allegations contained therein for the reason that same are untrue.

61. (sic)  In answer to paragraph 61 of Plaintiff's Complaint, Defendants deny the allegations contained therein for the reason that same are untrue.

62. (sic)  In answer to paragraph 62 of Plaintiff's Complaint, Defendants deny the allegations contained therein for the reason that same are untrue.

63. (sic)  In answer to paragraph 63 of Plaintiff's Complaint, Defendants deny the allegations contained therein for the reason that same are untrue.

64. (sic)   In answer to paragraph 64 of Plaintiff's Complaint, Defendants deny the allegations contained therein for the reason that same are untrue.

65. (sic)   In answer to paragraph 65 of Plaintiff's Complaint, Defendants deny the allegations contained therein for the reason that same are untrue.

66. (sic)   In answer to paragraph 66 of Plaintiff's Complaint, Defendants deny the allegations contained therein for the reason that same are untrue.

67. (sic)   In answer to paragraph 67 of Plaintiff's Complaint, Defendants deny the allegations contained therein for the reason that same are untrue.

**COUNT II:**
**Alleged Religious Discrimination in Violation**
**of Title VII – Harassment/Hostile Work Environment**
**(Against Defendant HealthSource)**

68. (sic)   In answer to paragraph 68 of Plaintiff's Complaint, Defendants incorporate by reference their answers to the above paragraphs as though more fully set forth herein.

69. (sic)   In answer to paragraph 69 of Plaintiff's Complaint, Defendants deny the allegations contained therein for the reason that same are untrue.

70. (sic)   In answer to paragraph 70 of Plaintiff's Complaint, Defendants deny the allegations contained therein for the reason that same are untrue.

71. (sic)   In answer to paragraph 71 of Plaintiff's Complaint, Defendants deny the allegations contained therein for the reason that same are untrue.

72. (sic)   In answer to paragraph 72 of Plaintiff's Complaint, Defendants deny the allegations contained therein for the reason that same are untrue.

73. (sic)   In answer to paragraph 73 of Plaintiff's Complaint, Defendants deny the allegations contained therein for the reason that same are untrue.

**COUNT III:**
**Alleged Religious Discrimination in Violation**
**of Title VII – Denial of Religious Accommodation**
**(Against Defendant HealthSource)**

74. (sic)   In answer to paragraph 74 of Plaintiff's Complaint, Defendants incorporate by reference their answers to the above as though more fully set forth herein.

75. (sic)   In answer to paragraph 75 of Plaintiff's Complaint, Defendants deny the allegations contained therein for the reason that same are untrue.

76. (sic)   In answer to paragraph 76 of Plaintiff's Complaint, Defendants neither admit nor deny for lack of sufficient information and leave Plaintiff to her strict proofs.

77. (sic)   In answer to paragraph 77 of Plaintiff's Complaint, Defendants deny the allegation contained therein in the manner and form alleged.

78. (sic)   In answer to paragraph 78 of Plaintiff's Complaint, Defendants deny the allegations contained therein for the reason that same are untrue.

79. (sic)   In answer to paragraph 79 of Plaintiff's Complaint, Defendants deny the allegations contained therein for the reason that same are untrue.

80. (sic)   In answer to paragraph 80 of Plaintiff's Complaint, Defendants neither admit nor deny the allegations contained therein for lack of information and leave Plaintiff to her strict proofs.

81. (sic)   In answer to paragraph 81 of Plaintiff's Complaint, Defendants deny the allegations contained therein for the reason that same are untrue.

### COUNT IV:
### Alleged Retaliation in Violation of Title VII
### (Against Defendant HealthSource)

82. (sic)   In answer to paragraph 82 of Plaintiff's Complaint, Defendants incorporate by reference their answers to the above as though more fully set forth herein.

83. (sic)   In answer to paragraph 83 of Plaintiff's Complaint, Defendants deny the allegations contained therein for the reason that same are untrue.

84. (sic)   In answer to paragraph 84 of Plaintiff's Complaint, Defendants deny the allegations contained therein for the reason that same are untrue.

85. (sic)   In answer to paragraph 85 of Plaintiff's Complaint, Defendants deny the allegations contained therein for the reason that same are untrue.

## COUNT V:
## Alleged Violation of the Elliott-Larsen Civil Rights Act
## (Against All Defendants)

86. (sic)   In answer to paragraph 86 of Plaintiff's Complaint, Defendants incorporate by reference their answers to the above paragraphs as though more fully set forth herein.

87. (sic)   In answer to paragraph 87 of Plaintiff's Complaint, Defendants deny the allegations contained therein for the reason that same are untrue.

88. (sic)   In answer to paragraph 88 of Plaintiff's Complaint, Defendants deny the allegations contained therein for the reason that same are untrue.

89. (sic)   In answer to paragraph 89 of Plaintiff's Complaint, Defendants deny the allegations contained therein for the reason that same are untrue.

90. (sic)   In answer to paragraph 90 of Plaintiff's Complaint, Defendants deny the allegations contained therein for the reason that same are untrue.

91. (sic)    In answer to paragraph 91 of Plaintiff's Complaint, Defendants deny the allegations contained therein for the reason that same are untrue.

92. (sic)   In answer to paragraph 92 of Plaintiff's Complaint, Defendants deny the allegations contained therein for the reason that same are untrue.

93. (sic)   In answer to paragraph 93 of Plaintiff's Complaint, Defendants admit that they are a place of public accommodation/public service but deny that

it engaged in any discriminatory actions and deny that Defendants Kraynak and/or Puckett engaged in any discriminatory actions.

94. (sic)  In answer to paragraph 94 of Plaintiff's Complaint, Defendants deny the allegations contained therein for the reason that same are untrue.

95. (sic)  In answer to paragraph 95 of Plaintiff's Complaint, Defendants admit that the Elliott-Larsen Civil Rights Act prohibits those defined as an employer from engaging in prohibited discrimination but denies that any discrimination occurred as it relates to Plaintiff.

96. (sic)  In answer to paragraph 96 of Plaintiff's Complaint, Defendants deny the allegations contained therein for the reason that same are untrue.

97. (sic)  In answer to paragraph 97 of Plaintiff's Complaint, Defendants deny the allegations contained therein for the reason that same are untrue.

98. (sic)  In answer to paragraph 98 of Plaintiff's Complaint, Defendants deny the allegations contained therein for the reason that same are untrue.

99. (sic)  In answer to paragraph 99 of Plaintiff's Complaint, Defendants deny the allegations contained therein for the reason that same are untrue.

100. (sic)  In answer to paragraph 100 of Plaintiff's Complaint, Defendants deny the allegations contained therein for the reason that same are untrue.

101. (sic) In answer to paragraph 101 of Plaintiff's Complaint, Defendants deny the allegations contained therein for the reason that same are untrue.

16

## COUNT VI:
## Alleged Breach of Contract
## (Against Defendant HealthSource)

102. (sic)  In answer to paragraph 102 of Plaintiff's Complaint, Defendants incorporate by reference their answers to the above paragraphs as though more fully set forth herein.

103. (sic)  In answer to paragraph 103 of Plaintiff's Complaint, Defendants admit the allegations contained therein.

104. (sic)  In answer to paragraph 104 of Plaintiff's Complaint, Defendants deny the allegations contained therein for the reason that same are untrue.

105. (sic)  In answer to paragraph 105 of Plaintiff's Complaint, Defendants deny the allegations contained therein for the reason that same are untrue.

106. (sic)  In answer to paragraph 106 of Plaintiff's Complaint, Defendants deny the allegations contained therein for the reason that same are untrue.

107. (sic)  In answer to paragraph 107 of Plaintiff's Complaint, Defendants deny the allegations contained therein for the reason that same are untrue.

## COUNT VII:
## Alleged Breach of Covenant of Good Faith and Fair Dealing
## (Against Defendant HealthSource)

108. (sic)  In answer to paragraph 108 of Plaintiff's Complaint, Defendants incorporate by reference their answers to the above paragraphs as though more fully set forth herein.

109. (sic)  In answer to paragraph 109 of Plaintiff's Complaint, Defendants admit that it had certain contractual obligations to Plaintiff given the parties' contractual relationship but deny that they violated any such obligations.

110. (sic)  In answer to paragraph 110 of Plaintiff's Complaint, Defendants deny the allegations contained therein for the reason that same are untrue.

111. (sic)  In answer to paragraph 111 of Plaintiff's Complaint, Defendants deny the allegations contained therein for the reason that same are untrue.

112. (sic)  In answer to paragraph 112 of Plaintiff's Complaint, Defendants deny the allegations contained therein for the reason that same are untrue.

**COUNT VIII:**
**Alleged Tortious Interference with Business Relationship**
**or Business Expectancy**
**(Against All Defendants)**

113. (sic)  In answer to paragraph 113 of Plaintiff's Complaint, Defendants incorporate by reference their answers to the above paragraphs as though more fully set forth herein.

114. (sic)  In answer to paragraph 114 of Plaintiff's Complaint, Defendants neither admit nor deny the allegations contained therein for lack of information and leave Plaintiff to her strict proofs.

115. (sic)  In answer to paragraph 115 of Plaintiff's Complaint, Defendants neither admit nor deny the allegations contained therein for lack of information and leave Plaintiff to her strict proofs.

116. (sic)  In answer to paragraph 116 of Plaintiff's Complaint, Defendants deny the allegations contained therein for the reason that same are untrue.

117. (sic)  In answer to paragraph 117 of Plaintiff's Complaint, Defendants deny the allegations contained therein for the reason that same are untrue.

118. (sic)  In answer to paragraph 118 of Plaintiff's Complaint, Defendants deny the allegations contained therein for the reason that same are untrue.

**COUNT IX:**
**Alleged Termination in Violation of Michigan Public Policy**
**(Against Defendant HealthSource)**

119. (sic)  In answer to paragraph 119 of Plaintiff's Complaint, Defendants incorporate by reference their answers to the above paragraphs as though more fully set forth herein.

120. (sic)  In answer to paragraph 120 of Plaintiff's Complaint, Defendants admit the allegations contained therein.

121. (sic)  In answer to paragraph 121 of Plaintiff's Complaint, Defendants admit the allegations contained therein.

122. (sic)  In answer to paragraph 122 of Plaintiff's Complaint, Defendants deny the allegations contained therein for the reason that same are untrue.

123. (sic)  In answer to paragraph 123 of Plaintiff's Complaint, Defendants deny the allegations contained therein for the reason that same are untrue.

## COUNT X
### Alleged Common Law Assault
### (Against Defendant Mark E. Kraynak)

124. (sic)  In answer to paragraph 124 of Plaintiff's Complaint, Defendants incorporate by reference their answers to the above paragraphs as though more fully set forth herein.

125. (sic)  In answer to paragraph 125 of Plaintiff's Complaint, Defendants deny the allegations contained therein for the reason that same are untrue.

126. (sic)  In answer to paragraph 126 of Plaintiff's Complaint, Defendants deny the allegations contained therein for the reason that same are untrue.

127. (sic)  In answer to paragraph 127 of Plaintiff's Complaint, Defendants deny the allegations contained therein for the reason that same are untrue.

## COUNT XI
### Alleged Common Law Battery
### (Against Defendant Mark E. Kraynak)

128. (sic)  In answer to paragraph 128 of Plaintiff's Complaint, Defendants incorporate by reference their answers to the above paragraphs as though more fully set forth herein.

129. (sic)  In answer to paragraph 129 of Plaintiff's Complaint, Defendants deny the allegations contained therein for the reason that same are untrue.

130. (sic)  In answer to paragraph 130 of Plaintiff's Complaint, Defendants deny the allegations contained therein for the reason that same are untrue.

131. (sic)  In answer to paragraph 131 of Plaintiff's Complaint, Defendants deny the allegations contained therein for the reason that same are untrue.

132. (sic)  In answer to paragraph 132 of Plaintiff's Complaint, Defendants deny the allegations contained therein for the reason that same are untrue.

**COUNT XII:**
**Declaratory Relief**
**(Against All Defendants)**

133. (sic)  In answer to paragraph 133 of Plaintiff's Complaint, Defendants incorporate by reference their answers to the above paragraphs as though more fully set forth herein.

134. (sic)  In answer to paragraph 134 of Plaintiff's Complaint, Defendants deny the legal conclusions contained therein and deny that the actions alleged by Plaintiff in the amended complaint occurred in the manner and form alleged for the reason the same are untrue.

135. (sic)  In answer to paragraph 135 of Plaintiff's Complaint, Defendants deny the legal conclusion contained therein as the same is untrue and unsupported by applicable law.

136. (sic)  In answer to paragraph 136 of Plaintiff's Complaint, Defendants object to Plaintiff's request for the entry of a declaratory judgment.

WHEREFORE, Defendants respectfully request that this Honorable Court dismiss Plaintiff's Complaint and award all costs, expenses and attorney fees so wrongfully incurred.

Respectfully submitted:

PLUNKETT COONEY

By:  */s/ Thomas P. Vincent*
THOMAS P. VINCENT (P32794)
COURTNEY L. NICHOLS (P75160)
Attorneys for Defendants
HealthSource Saginaw, Inc. and
Mark E. Kraynak
385050 Woodward Ave., Ste. 100
Bloomfield Hills, MI  48304
Dated: August 3, 2018     (248)901-4000

## AFFIRMATIVE DEFENSES

Defendants HealthSource Saginaw, Inc. and Defendant Mark E. Kraynak (hereinafter referred to as "Defendants"), by and through their attorneys, Plunkett Cooney, Thomas P. Vincent and Courtney L. Nichols, submit their affirmative defenses, as follows:

1.     There are no genuine issues as to any material fact, and therefore Defendants are entitled to summary disposition as a matter of law.

2.      Plaintiff has failed to state a claim in whole or in part upon which relief may be granted and therefore, Defendants are entitled to summary disposition as a matter of law.

3.      Plaintiff's claims may be barred in whole or in part by applicable statute(s) of limitations.

4.      Plaintiff's request for declaratory judgment is improper because the alleged question presented is either premature and/or hypothetical.

5.      Plaintiff was not an employee of Defendants, as defined by applicable law, and as such her claims derivative on her alleged employment status fail as a matter of law.

6.      Defendants affirmatively assert that they engaged in good faith efforts to comply with the law.

7.      Plaintiff's claims are barred because any and all decisions taken by Defendants were made on the basis of reasonable factors other than Plaintiff's alleged religious beliefs.

8.      Plaintiff cannot recover punitive damages because at all relevant times Defendants made a good faith effort to comply with all applicable laws.

9.      Defendants did not engage in any harassing and/or discriminatory conduct and, as such, Plaintiff's claims fail as a matter of law.

10.     Plaintiff was not subjected to a hostile work environment or any form of illegal discrimination.

11.     Plaintiff was not treated differently than an individual outside of her alleged protected class by Defendants.

12.     Plaintiff may have failed, in whole or in part, to mitigate her damages.

13.     Plaintiff did not engage in "protected activity" under applicable law.

14.     Plaintiff's claims may be barred by the doctrines of waiver, release, accord and satisfaction.

15.     Plaintiff's claims may be barred by after acquired evidence.

16.     Plaintiff cannot establish any business relationship or business expectancy of which Defendants intentionally and tortuously interfered.

17.     Plaintiff cannot establish any damages caused by Defendants.

18.     Plaintiff cannot establish that any Defendant intended to cause harmful or offensive contact with her or created an imminent apprehension of such contact.

19.     Plaintiff did not suffer any damages as a result of an alleged assault/battery.

20.     Plaintiff cannot establish that any Defendant contacted her in an unpermitted offensive or harmful way.

24

21.    Plaintiff cannot establish any breach of good faith and fair dealing against Defendant HealthSource Saginaw.

22.    Plaintiff cannot establish any term of her contract with Defendant HealthSource Saginaw that was breached by Defendant HealthSource Saginaw.

23.    Defendants reserve the right to amend their affirmative defenses and include additional affirmative defenses as they become known and necessary during the course of discovery and prior to trial.

PLUNKETT COONEY

By:    */s/ Courtney L. Nichols*
THOMAS P. VINCENT (P32794)
COURTNEY L. NICHOLS (P75160)
Attorneys for Defendants
HealthSource Saginaw, Inc. and
Mark E. Kraynak
385050 Woodward Ave., Ste. 100
Bloomfield Hills, MI  48304
(248) 594-6360

Dated:  August 3, 2018

## **RELIANCE ON JURY DEMAND**

Defendants, HealthSource Saginaw, Inc. and Defendant Mark E. Kraynak, by their attorneys, Plunkett Cooney, Thomas P. Vincent and Courtney L. Nichols, and hereby rely upon the jury demand previously filed in the above-entitled cause of action.

PLUNKETT COONEY

By:     */s/  Thomas P. Vincent*
        THOMAS P. VINCENT (P32794)
        COURTNEY L. NICHOLS (P75160)
        Attorneys for Defendants
        HealthSource Saginaw, Inc. and
        Mark E. Kraynak
        385050 Woodward Ave., Ste. 100
        Bloomfield Hills, MI  48304
        (248) 594-6360

Dated:  August 3, 2018

**Proof of Service**

The undersigned certifies that on August 3, 2018, a copy of the foregoing document was served upon the attorney(s) of record in this matter at their stated business address as disclosed by the records herein via:

☐ Hand delivery      ☐ Overnight mail
☐ U.S. Mail          ☐ Facsimile
☐ Email              ☒ Electronic Filing System

I declare under the penalty of perjury that the foregoing statement is true to the best of my information, knowledge and belief.

*/s/ Gina Amesse*

_____
Gina Amesse

Open.00590.74326.20655766-1