UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KATHLEEN A. LORENTZEN,

    Plaintiff,

CASE NO. 1:18-cv-11507-TLL-PTM
HON. Thomas L. Ludington

v.

HEALTHSOURCE SAGINAW, INC.,
MARK E. KRAYNAK, and MARK
PUCKETT

    Defendants.

---

## MOTION TO EXTEND TIME

Pursuant to Federal Rule of Civil Procedure 16(b)(4), Eastern District of Michigan Local Rule 7.1, this Court's Practice Guidelines, and any other applicable rule or law, Plaintiff requests a time extension for all non-expired dates contained within the Case Management and Scheduling Order (ECF No. 13). Plaintiff requests an extension for a period of sixty (60) days. Plaintiff sought concurrence from defendants for the relief sought herein but has not yet received it. Plaintiff asserts that unanticipated and unforeseen circumstances have arisen necessitating the extension and respectfully requests that this court grant the relief sought by this motion. Wherefore, Plaintiff respectfully request that this Court grant the relief

1

sought herein and extend by sixty (60) days all previously scheduled dates within the Case Management and Scheduling Order.

Respectfully submitted, this 11th day of December, 2018.

        THOMAS MORE LAW CENTER

        By: s/ Brandon M. Bolling
        24 Frank Lloyd Wright Drive, Suite J3200
        Ann Arbor, Michigan 48106
        Telephone (248)827-2001
        bbolling@thomasmore.org
        *Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

It is hereby certified that on that on this date the foregoing document was filed with the Court's CM/ECF system, which will send notice of such filing to counsel for all parties of record. As noted below, all parties to this action have counsel of record who have entered Appearances with this Court and upon whom service of this document will be made via the Court's CM/ECF system. Additionally, parties may access this document through the Court's CM/ECF system.

Date: December 11, 2018

s/Brandon M. Bolling
THOMAS MORE LAW CENTER
*Counsel for Plaintiff*

# UNITED STATES DISTRICT COURT
# IN THE EASTERN DISTRICT OF MICHIGAN
# NORTHERN DIVISION

KATHLEEN A. LORENTZEN,

    Plaintiff,

CASE NO. 1:18-cv-11507-TLL-PTM
HON. Thomas L. Ludington

v.

HEALTHSOURCE SAGINAW, INC.,
MARK E. KRAYNAK, and MARK
PUCKETT

    Defendants.

---

## BRIEF IN SUPPORT OF MOTION TO EXTEND TIME

Pursuant to Federal Rule of Civil Procedure 16(b)(4), Eastern District of Michigan Local Rule 7.1, this Court's Practice Guidelines, and any other applicable rule or law, Plaintiff requests a time extension for all non-expired dates contained within the Case Management and Scheduling Order (ECF No. 13). Plaintiff requests an extension for a period of sixty (60) days. Plaintiff sought concurrence from defendants for the relief sought herein but has not yet received it. Plaintiff asserts that unanticipated and unforeseen circumstances have arisen necessitating the extension and respectfully requests that this court grant the relief sought by this motion.

1

## LEGAL AND FACTUAL BACKGROUND

1. Fed. R. Civ. Pro. 16(b)(4) informs that "[a] schedule may be modified only for good cause and with the judge's consent."

2. Furthermore, this Court's Practice Guidelines Motion Practice Rule No. 2, indicates that "… [p]arties seeking an extension should explain with specificity the unanticipated or unforeseen circumstances necessitating the extension and should set forth a timetable for the completion of the tasks for which the extension is sought."

3. Plaintiff asserts that good cause exists, related to various unanticipated and unforeseen circumstances necessitating the extension, for this Court to consent to it.

4. A reasonable timetable for the completion of the tasks for which the extension is sought is sixty (60) days.

5. On August 23, 2018, Tyler Brooks, a staff attorney at the Thomas More Law Center ("TMLC"), along with defense counsel, submitted a Case Summary and Joint Proposed Discovery Plan related to litigation of this matter. (ECF No. 12).

6. On August 24, 2018, this Court issued a Case Management and Scheduling Order, setting forth litigation deadlines in this matter, which was based upon the Case Summary and Joint Proposed Discovery Plan submitted by the parties. (ECF No. 13).

7. On August 27, 2018, Mr. Brooks provided notice to TMLC that he was terminating his employment there effective September 7, 2018. This notice was very unexpected and was given by Mr. Brooks less than one year after he began working at TMLC.

8. Mr. Brooks was hired by TMLC, primarily, based upon his expertise in handling employment law matters. As such, upon entering an attorney-client relationship with Plaintiff, TMLC assigned Mr. Brooks as counsel responsible for handling Plaintiff's claims—which are rooted in employment law.

9. Thereafter, consistent with the Michigan Rules of Professional Conduct, Plaintiff was afforded an opportunity for continued representation by Mr. Brooks, for continued representation by TMLC, and the opportunity to pursue outside counsel for her continued representation.

10. On October 12, 2018, Plaintiff notified TMLC that she wanted to be represented by TMLC in this matter, with the stipulation that TMLC affiliate with an attorney experienced in litigating employment law matters.

11. Accordingly, consistent with Plaintiff's request, TMLC immediately began attempting to associate with an employment law attorney. Concurrently, TMLC assigned Plaintiff's matter to TMLC staff attorney, Brandon Bolling, who entered his appearance the same day. (ECF No. 16).

12. While TMLC attempted to associate with an employment law attorney, Mr. Bolling worked diligently to protect Plaintiff's interests and to comply with the Case Management and Scheduling Order. (ECF NO. 13).

13. Since October 12, 2018, upon notification by Plaintiff that TMLC would continue as her counsel, TMLC has unsuccessfully attempted to associate with an employment law attorney. On three occasions, an employment law attorney has agreed to affiliate with TMLC to assist with the litigation of Plaintiff's claims. However, each attorney had to remove themselves from consideration following a conflict of interest check revealing that their firms had previously provided legal advice to defendants and/or entities affiliated with defendants.

14. On December 6, 2018, the latest employment law attorney who had agreed to affiliate with the TMLC removed himself from further consideration following a conflict check.

15. Since December 6, 2018, TMLC has continued to attempt to associate with an employment law attorney.

16. Additionally, Plaintiff suffers from a medical condition that requires monthly week-long treatments at the Mayo Clinic, in Rochester, Minnesota. Plaintiff's medical treatments cover a period of five days, with a travel day on the front and back end of each session. Plaintiff's absence due to her medical condition has hindered TMLC in completing Defendants'

4

outstanding discovery requests as well as securing an expert witness related to calculating her economic damages.

17. TMLC has continued to do its best to advance Plaintiff's claims consistent with the Case Management and Scheduling Order; however, based upon the latest conflict foreclosing the association of an employment law attorney, as well as Plaintiff's treatment at the Mayo Clinic from December 9 – 15, 2018, TMLC needs additional time to meet its obligations under the Case Management and Scheduling Order.

18. An extension of time will also ensure that Defendants are not prejudiced by the unusual circumstances herein stemming from the unexpected departure of Mr. Brooks from TMLC, the unusual existence of conflicts of interest for several attorneys otherwise willing to associate with TMLC to litigate this matter, and Plaintiff's medical condition and treatment plan.

Wherefore, Plaintiff respectfully request that this Court grant the relief sought herein and extend by sixty (60) days all previously scheduled dates within the Case Management and Scheduling Order.

Respectfully submitted, this 11th day of December, 2018.

                THOMAS MORE LAW CENTER

                By: s/ Brandon M. Bolling
                24 Frank Lloyd Wright Drive, Suite J3200
                Ann Arbor, Michigan 48106
                Telephone (248)827-2001
                bbolling@thomasmore.org
                *Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

It is hereby certified that on that on this date the foregoing document was filed with the Court's CM/ECF system, which will send notice of such filing to counsel for all parties of record. As noted below, all parties to this action have counsel of record who have entered Appearances with this Court and upon whom service of this document will be made via the Court's CM/ECF system. Additionally, parties may access this document through the Court's CM/ECF system.

Date: December 11, 2018

s/Brandon M. Bolling
THOMAS MORE LAW CENTER
*Counsel for Plaintiff*
